STATE OF MAINE                                          SUPERIOR COURT
                                                        CIVIL ACTION
KENNEBEC, ss.                                           DOCKET NO. CV-06-241


ELIZABETH H. MITCHELL
and JAMES E. MITCHELL,

        Plaintiffs

    v.                                                  **ORDER ON MOTION**

J.P. MORGAN CHASE BANK,

        Defendant


This matter is before the court on defendant's motion to set aside default under M.R. Civ. P. 55(c).

On October 6, 2006, plaintiffs, husband and wife, represented by attorney husband, filed a complaint with the court regarding a credit transaction with defendant issuer of a Visa credit card alleging violation of the Maine Unfair Trade Practices Act and breach of contract. By certified mail delivered September 18, 2006, a copy of complaint and summons was served on Anthony J. Horan, Secretary, J.P. Morgan Chase Bank, N.A., 270 Park, 35th Floor, New York, NY 10017. Certified mail receipt was filed with the court October 6, 2006. On September 7, 2006, the complaint and summons was served on the Secretary of State of the State of Maine for purposes of affecting service on the J.P. Morgan Chase Bank. Return of service was filed with the court on October 6, 2006. Mr. Mitchell also represented to the court that a copy of the complaint had been sent directly to the defendant.

On October 12, 2006, the plaintiffs filed application with the clerk for default alleging return of service perfected on September 18, 2006, and the defendant failing to

appear or plead in the action. Entry of default was entered by the clerk on October 16, 2006.

By motion filed October 24, 2006, plaintiffs moved for judgment of default asserting that while the account in question showed a credit of $1,194.81, the account entry did not address the lawsuit and plaintiffs allege entitlement to attorney's fees under the Unfair Trade Practices Act, 5 M.R.S.A. § 213(2). The plaintiffs sought judgment in the amount of $4,469.45. Request for attorney's fees was supported by filings of appropriate affidavits.

On November 17, 2006, the court entered judgment for the plaintiffs in the amount of $4,469.45 plus interest representing attorney's fees and costs. The order further provides that because plaintiffs received a reversal of finance charges after suit was filed that no extra damages were awarded.

On December 11, 2006, defendant's counsel entered his appearance and a motion to set aside default was filed. Defendant alleges a failure of lawful service of process in the matter thereby establishing good cause for untimeliness of its answer as well as the existence of a meritorious defense.

The court is satisfied that appropriate service of process was made in the matter. Unfortunately, the defendant chooses to do business by separating the functions of its bank between offices in different locations in the far reaches of the United States. There has been no rebuttal of plaintiffs' assertion that conflicting arrangements for satisfying the plaintiffs' demand were met. Accordingly, neither the insufficient service nor meritorious defense has been presented to the court.

The matter of great concern to the defendant in its motion is the judgment for the plaintiffs for attorney's fees. The underlying facts are that Elizabeth H. Mitchell is the wife of James E. Mitchell and she is the primary user of the credit card even though

James E. Mitchell is on the account. Defendant asserts that plaintiffs cannot be entitled to attorney's fees because he is acting pro se and the co-owner of the account is his lawful wife. Defendant argues that there should be no attorney's fees assessed in the matter as there was no contract that provides for the awarding of attorney's fees and the plaintiffs had no fair claim for a violation of the Maine Unfair Trade Practices Act.

Boiled down to its essentials, the circumstances are that plaintiffs routinely made payments on their Visa account with defendant bank electronically transferring funds from a local savings bank by way of computer. On a day in May of 2005, the local bank was having line problems and, unbeknownst to the plaintiffs, the electronic transfer from that bank to the defendant did not go through. Accordingly, plaintiffs were in default on that payment. In the subsequent attempts by plaintiffs to explain and negotiate a resolution to the problem, one office of the defendant bank in one part of the country engaged in the process of negotiating a mechanism to resolve the deficiency and restore the credit relationship. At the same time, another officer of the defendant bank in another part of the country was attempting to place the credit transaction in default, call the entire balance due with a penalty and otherwise enforce its rights under the credit arrangements. As a result of this treatment, many months transpired without resolution of the problem and ultimately resulted in plaintiffs paying the balance in full absent the interest and penalties. From the perspective of the plaintiffs, the credit for that interest and penalties was not made to the account until September 10, 2006, although unknown to plaintiffs until October 16, 2006.

This period from May of 2005 to September of 2006 without resolution in spite of increasing communications from the plaintiffs to defendant is considered by the court to be an unfair trade practice and the court is satisfied that, at least, statutorily, plaintiffs

are entitled to attorney's fees. The question is whether or not James E. Mitchell can receive attorney's fees to the extent he represented himself as well as his wife.

The United States Supreme Court has made it clear that a pro se litigant who is not a lawyer is not entitled to attorney's fees. In examining the question of whether a lawyer who represents himself should be treated like other pro se litigants or like a client who has had the benefit of the advice and advocacy of an independent attorney, it concludes that awarding counsel fees under such circumstances "would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy in furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." *Kay v. Ehrler, et al.*, 499 U.S. 432 (1991). This rule was followed by the United States District Court for the District of Maine in *Marcello v. State of Maine*, 238 F.R.D. 113 (2006). The United States District Court for the Northern District of Georgia when presented with the question whether an attorney could represent his child and receive statutory attorney's fees noted that parents and children are distinct entities for purposes of that particular federal statute but further suggested that the attorney operating in such a circumstance was just as responsible to the child in compliance with the rules of professional conduct as he would be representing a stranger. *Mathew V. v. Dekalb County School System*, 244 F. Supp. 2d 1331 (2003).

In the matter of *Schneider v. Colegio De Abogados De Puerto Rico*, 187 F.3d 30 (1st cir. 1999), an attorney represented himself and another attorney in a civil rights case before the Puerto Rico Federal Court, the First Circuit Court of Appeals determined the prohibition as held in *Kay v. Ehrler* against awarding attorney's fees to an attorney pro se litigant does not apply where the attorney is also representing another adult noting,

"[t]he fees incurred by plaintiff are essentially the same whether or not Schneider was also a plaintiff." *Schneider v. Colegio De Abogados De Puerto Rico*, 187 F.3d at 32.

Elizabeth H. Mitchell was the primary debtor on the credit card. Even though James E. Mitchell was representing himself to the extent he was a co-debtor, there is no evidence that his activities representing Elizabeth H. Mitchell were greater or less than if he had represented himself alone. Furthermore, notwithstanding the circumstance where Elizabeth H. Mitchell is his wife, James E. Mitchell is subject to the same Bar Rules of Professional Conduct and liability for professional negligence as if there was no marital relationship.

For the reasons stated herein, the entry will be:

Defendant's motion to set aside default is DENIED; judgment for the plaintiffs in the amount of $4,469.45 plus interest as entered November 17, 2006, is SUSTAINED; the court DENIES attorney's fees for subsequent proceedings.

Dated: May___3___, 2007

Donald H. Marden
Justice, Superior Court

ELIZABETH H MITCHELL   - PLAINTIFF
227 CUSHNOC ROAD
VASSALBORO ME 04989
Attorney for: ELIZABETH H MITCHELL
JAMES E MITCHELL   - RETAINED 10/06/2006
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330


JAMES E MITCHELL   - PLAINTIFF
277 CUSHNOC ROAD
VASSALBORO ME 04989
Attorney for: JAMES E MITCHELL
JAMES E MITCHELL   - RETAINED 10/06/2006
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330


vs
J P MORGAN CHASE BANK - DEFENDANT
2500 WEST FIELD DRIVE,
ELGIN IL
Attorney for: J P MORGAN CHASE BANK
ALAN SHEPARD   - RETAINED
SHEPARD & READ
93 MAIN ST
KENNEBUNK ME 04043

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2006-00241

**DOCKET RECORD**


Filing Document: COMPLAINT                Minor Case Type: UNFAIR TRADE PRACTICES
Filing Date: 10/06/2006

# Docket Events:

10/06/2006 FILING DOCUMENT - COMPLAINT FILED ON 10/06/2006

10/06/2006 Party(s):  ELIZABETH H MITCHELL
          ATTORNEY - RETAINED ENTERED ON 10/06/2006
          Plaintiff's Attorney: JAMES E MITCHELL

10/06/2006 Party(s):  JAMES E MITCHELL
          ATTORNEY - RETAINED ENTERED ON 10/06/2006
          Plaintiff's Attorney: JAMES E MITCHELL

10/06/2006 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/06/2006
          Plaintiff's Attorney:  JAMES E MITCHELL
          MAILED TO ATTY. OF RECORD.

10/06/2006 Party(s):  J P MORGAN CHASE BANK
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 09/07/2006
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON J.P. MORGAN CHASE BANK

10/13/2006 Party(s):  ELIZABETH H MITCHELL, JAMES E MITCHELL
          MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 10/12/2006
          Plaintiff's Attorney:  JAMES E MITCHELL

10/16/2006 Party(s):  J P MORGAN CHASE BANK
          ORDER - DEFAULT ENTERED ON 10/16/2006
          NANCY  DESJARDIN , CLERK II
          DEFAULT ENTERED AGAINST J.P. MORGAN CHASE BANK.                    COPIES TO
          PARTIES/COUNSEL


11/21/2006 Party(s):  ELIZABETH H MITCHELL
          MOTION - MOTION FOR DEFAULT JUDGMENT FILED ON 11/17/2006
          DONALD H MARDEN , JUSTICE


11/21/2006 FINDING - JUDGMENT DETERMINATION ENTERED ON 11/17/2006
          DONALD H MARDEN , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

          ORDER - DEFAULT JUDGMENT ENTERED ON 11/17/2006
          DONALD H MARDEN , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL
          Judgment entered for ELIZABETH H MITCHELL, JAMES E MITCHELL and against J P MORGAN CHASE BANK
          in the amount of $4469.25.


11/21/2006 FINDING - FINAL JUDGMENT CASE CLOSED ON 11/21/2006


12/11/2006 Party(s):  ELIZABETH H MITCHELL,JAMES E MITCHELL
          WRIT - WRIT OF EXECUTION REQUESTED ON 12/11/2006
          Plaintiff's Attorney:  JAMES E MITCHELL


12/11/2006 Party(s):  J P MORGAN CHASE BANK
          OTHER FILING - ENTRY OF APPEARANCE FILED ON 12/11/2006
          Defendant's Attorney: ALAN SHEPARD


12/11/2006 Party(s):  J P MORGAN CHASE BANK
          ATTORNEY - RETAINED ENTERED ON 12/11/2006
          Defendant's Attorney: ALAN SHEPARD


12/11/2006 Party(s):  J P MORGAN CHASE BANK
          MOTION - MOTION SET ASIDE/STRIKE DFAULT FILED ON 12/11/2006
          Defendant's Attorney: ALAN SHEPARD
          WITH PROPOSED ORDER


12/26/2006 Party(s):  ELIZABETH H MITCHELL,JAMES E MITCHELL
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/26/2006
          Plaintiff's Attorney:  JAMES E MITCHELL
          PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT


12/26/2006 Party(s):  ELIZABETH H MITCHELL,JAMES E MITCHELL
          OTHER FILING - AFFIDAVIT FILED ON 12/26/2006
          Plaintiff's Attorney:  JAMES E MITCHELL
          AFFIDAVIT OF JAMES E. MITCHELL, ESQ., WITH BILL


12/26/2006 Party(s):  ELIZABETH H MITCHELL,JAMES E MITCHELL

OTHER FILING - AFFIDAVIT FILED ON 12/26/2006
Plaintiff's Attorney:  JAMES E MITCHELL
AFFIDAVIT OF MEGAN C. HANLEY


02/08/2007 HEARING - MOTION SET ASIDE DEFAULT JUDG SCHEDULED FOR 03/09/2007 @ 9:00


03/09/2007 Party(s):  J P MORGAN CHASE BANK
MOTION - MOTION TO CONTINUE FILED ON 03/09/2007
Defendant's Attorney: ALAN SHEPARD


03/09/2007 Party(s):  ELIZABETH H MITCHELL,JAMES E MITCHELL
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/08/2007
Plaintiff's Attorney:  JAMES E MITCHELL
PLFS' REQUEST FOR ADMISSIONS OF FACT UNDER RULE 36, SERVED ON A. SHEPARD, ESQ. ON
03/07/07.


03/12/2007 Party(s):  J P MORGAN CHASE BANK
MOTION - MOTION TO CONTINUE GRANTED ON 03/09/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                              TO BE RESET
APRIL 3, 2007 AT 9:00AM


03/27/2007 Party(s):  ELIZABETH H MITCHELL,JAMES E MITCHELL
OTHER FILING - REPLY MEMORANDUM FILED ON 03/27/2007
Plaintiff's Attorney:  JAMES E MITCHELL
IN SUPPORT OF LEGAL FEES


03/28/2007 Party(s):  J P MORGAN CHASE BANK
RESPONSIVE PLEADING - RESPONSE FILED ON 03/28/2007
Defendant's Attorney: ALAN SHEPARD


04/03/2007 HEARING - MOTION SET ASIDE/STRIKE DFAULT HELD ON 04/03/2007
DONALD H MARDEN , JUSTICE
Defendant's Attorney: ALAN SHEPARD
Plaintiff's Attorney:  JAMES E MITCHELL


04/03/2007 Party(s):  J P MORGAN CHASE BANK
MOTION - MOTION SET ASIDE/STRIKE DFAULT UNDER ADVISEMENT ON 04/02/2007
DONALD H MARDEN , JUSTICE


05/04/2007 Party(s):  J P MORGAN CHASE BANK
MOTION - MOTION SET ASIDE/STRIKE DFAULT DENIED ON 05/03/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL


05/04/2007 ORDER - COURT ORDER ENTERED ON 05/03/2007
DONALD H MARDEN , JUSTICE
DEFENDANT'S MOITION TO SET ASIDE DEFAULT IS DENIED, JUDGMENT FOR THE PLAINTIFFS IN THE
AMOUNT OF $4,469.45 PLUS INTEREST AS ENTERED NOVEMBER 17, 2006, IS SUSTAINED; THE COURT
DENIES ATTORNEY'S FEES FOR SUBSEQUENT PROCEEDINGS.COPIES MAILED TO ATTYS. OF RECORD.


05/04/2007 ORDER - COURT ORDER COPY TO REPOSITORIES ON 05/04/2007

A TRUE COPY
ATTEST:
_____
Clerk

A TRUE COPY
ATTEST:
Clerk